*In re* DAVID CASTILLO HERRERA.

*Número:* AB-2002-246          *Resuelto:* 16 de abril de 2003

*Noemí Rivera de León*, procuradora general auxiliar, y *Vanessa Lugo Flores*, subprocuradora general; *David F. Castillo Herrera, pro se.*

PER CURIAM: La compañía Radio Shack Corporation para Puerto Rico se querelló, por medio de su director regional, ante la Oficina del Procurador General contra el abogado David Castillo Herrera. En su querella, dicha Corporación expuso, en síntesis, que el licenciado Castillo Herrera había enviado a prácticamente *todos* los empleados de Radio Shack en Puerto Rico una comunicación respecto a las reclamaciones presentadas por él, en representación de ocho ex empleados que alegaban haber sido despedidos sin justa causa de la misma empresa. El licenciado Castillo Herrera realizó la susodicha acción a pesar de que tenía conocimiento de que la Corporación estaba representada por abogado.

La referida Corporación alegó que la acción de parte del licenciado Castillo Herrera causó ansiedad y confusión en los empleados de la empresa, lo cual afectó adversamente la atmósfera de trabajo del lugar. Se adujo, además, que no obstante la representación legal de la Corporación haberle advertido al licenciado Castillo Herrera que consideraba que la conducta en que había incurrido era deshonesta, el mencionado abogado incurrió, nuevamente, en acciones similares.

El Procurador General, luego de obtener la versión de los hechos de parte del licenciado Castillo Herrera, rindió su informe ante este Tribunal. En él expresó que, a su juicio, el licenciado Castillo Herrera, al incurrir en la conducta antes mencionada, había violado las disposiciones del Canon 28 del Código de Ética Profesional, en el cual se establece que

> [e]l abogado no debe, en forma alguna, comunicarse, negociar ni transigir con una parte representada por otro abogado en ausencia de éste. Particularmente, debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no esté a su vez representada por abogado. 4 L.P.R.A. Ap. IX.

Por otro lado, el Procurador General expresó en dicho

informe que, en su criterio, *no* existía suficiente evidencia para poder concluir que el licenciado Castillo Herrera había violentado las disposiciones de los Cánones 8, 29, 34, 35 y 39 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.[1]

Le concedimos un término al licenciado Castillo Herrera para que se expresara sobre el informe del Procurador General, lo cual hizo mediante comparecencia el 16 de octubre de 2003. En ésta el querellado sostuvo que no violó las disposiciones del Canon 28 ya que, según alegó, lo único que éste prohíbe es el acercamiento personal del abogado a partes, representadas por abogados, con el propósito de obtener ventaja y que, no existiendo prueba de que él hizo los acercamientos a los empleados de la empresa con el propósito de obtener ventaja, no cometió violación alguna. Mediante Resolución de 17 de enero de 2003, le concedimos un término al abogado en controversia "para que nos indique si da por sometido el asunto sin ulterior trámite". Así lo hizo el licenciado Castillo Herrera mediante un escrito. Resolvemos.

## I

■ La conducta en que incurrió el Lcdo. David Castillo Herrera —a saber, enviar copias de las querellas que él presentara contra la Corporación a prácticamente todos los empleados de Radio Shack en Puerto Rico *y comunicarse con supervisores y ejecutivos de dicha Corporación*, luego de ser apercibido de que podría estar incurriendo en conducta deshonesta— no tiene, en nuestro criterio, mucha lógica ni sentido. En este aspecto tendemos a coincidir con la posición de Radio Shack Corporation en cuanto a que

---

[1] Canon 8—Actos impropios de los clientes
Canon 29—Cuestiones personales entre abogados
Canon 34—Instigación o gestión de pleitos
Canon 35—Sinceridad y honradez
Canon 38—Preservación del honor y dignidad de la profesión

con toda probabilidad el propósito perseguido por el licenciado Castillo Herrera necesariamente era causar desasosiego, ganar adeptos entre los empleados de dicha Corporación o exhortarlos a que demandaran a la empresa.

Dicha conducta, cuando menos, resulta ser impropia y poco profesional de parte de un abogado admitido a ejercer la profesión en nuestra jurisdicción, conducta que *no* estamos en disposición de avalar ni permitir.

■ Por otro lado, y en lo referente al Canon 28 del Código de Ética Profesional, ante, debe recordarse lo expresado por este Tribunal en *In re Andréu, Rivera*, 149 D.P.R. 820, 825 (1999):

> El propósito del citado Canon 28 es evitar que los abogados de una parte hagan acercamientos inapropiados y antiéticos a personas debidamente representadas legalmente para obtener ventaja. *También tiene por finalidad prevenir que los abogados induzcan a error a personas que carecen de representación legal.* De esa manera se salvaguarda tanto el derecho de los litigantes a obtener representación legal adecuada como el privilegio abogado-cliente. (Énfasis suplido.)

■ No hay duda que las comunicaciones enviadas por el licenciado Castillo Herrera podían *inducir a error* a los empleados de Radio Shack Corporation, los cuales carecían de representación legal. *In re Andréu, Rivera*, ante. Por otro lado, y en lo referente al término "parte", debe mantenerse bien presente lo expresado por este Tribunal en el citado caso, a los efectos de que

> ... a pesar de que constituye un principio básico del derecho corporativo que las corporaciones poseen personalidad jurídica separada de sus directores, accionistas y oficiales, resulta innegable que la realidad funcional de éstas les impide transigir pleitos, comunicarse o hacer negocios si no es por conducto de las personas naturales que dirigen sus negocios. *Por lo tanto, el hecho de que una entidad corporativa sea la parte nominal en una acción judicial, no excluye la posibilidad de que existen personas, por ejemplo, empleados de la corporación, quienes por razón de las funciones que desempeñan y por su autoridad para vincular y para hablar en nombre de la corporación, de-*

*ban considerarse parte del pleito. Por ende, están incluidos en la prohibición establecida por el Canon 28. (Énfasis suplido.) In re Andréu, Rivera, ante, págs. 829–830.*

Concluimos, en consecuencia, que la conducta en que incurrió el Lcdo. David Castillo Herrera violentó las disposiciones del citado Canon 28 del Código de Ética Profesional. Atendidas las circunstancias y los hechos particulares del caso, entendemos adecuado únicamente *amonestar* al referido abogado.

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García no intervino.