EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Francisco J. Amundaray Rodríguez | 2007 TSPR 166 172 DPR \_\_\_\_ |

Número del Caso: CP-2006-4

Fecha: 24 de agosto de 2007

Oficina del Procurador General:

Lcda. Carmen A. Riera Cintrón
Procuradora General Auxiliar

Lcda. Mariana D. Negrón Vargas
Subprocuradora General

Abogado de la Parte Querellada:

Lcdo. Eric R. Ronda Del Toro

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día 14 de septiembre de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Francisco J. Amundaray
Rodríguez                              CP-2006-4

PER CURIAM

En San Juan, Puerto Rico, a 24 de agosto de 2007.

La Corporación para el Fomento Económico de la ciudad Capital (COFECC), representada por el CPA José Miguel Barletta, presidente de su Junta de Directores, presentó una queja contra el Lcdo. Francisco J. Amundaray Rodríguez el 1 de julio de 2004. Alegó que el Lcdo. Amundaray compareció a una reunión de la Junta de Directores de COFECC a la cual no fue invitado y en ausencia de los abogados de esa entidad, a pesar de ser el abogado del Municipio de San Juan en una demanda contra COFECC que estaba ventilándose en el Tribunal de Distrito de los Estados Unidos para el

Distrito de Puerto Rico. Expuso el CPA Barletta que:

> Cuando se le hizo saber al licenciado Amundaray que ante la falta de notificación y la ausencia de los abogados de COFECC, él debía abandonar la reunión, el licenciado Amundaray interfirió con los trabajos de la Junta de Directores de COFECC, pretendió dictar pautas de quiénes podían y quiénes no podían estar presente durante la reunión y pretendió intimidar a los miembros de la Junta de Directores que decidieron cumplir con lo que entienden es su deber fiduciario...

> El licenciado Amundaray también pretendió aconsejar a los miembros de la Junta de Directores de COFECC e incurrió en conducta que pudo inducirlos a error...

> Inicialmente el licenciado Amundaray rehusó abandonar la reunión y continuó interfiriendo con la orden del día, argumentó cuestiones de derecho con los miembros de la Junta de Directores de COFECC, expuso su versión de los hechos del caso número 03-1917 (JAG) y exhortó a miembros de la Junta a que abandonaran la reunión...

La querella imputa al licenciado Amundaray haber violado con esta conducta la letra y el espíritu del Canon 28 de Ética Profesional que prohíbe la comunicación de un abogado con una parte representada por otro abogado en ausencia de éste.

En su contestación, presentada tras varios requerimientos y prórrogas el 8 de julio de 2005, el licenciado Amundaray expuso los pormenores del caso incoado por el Municipio de San Juan contra COFECC en el tribunal federal y adujo que su presencia en la reunión de la Junta de Directores de COFECC respondió a instrucciones del municipio, quien era su cliente, "con el fin de asesorar a

los miembros de la Junta de Directores nombrados por el Municipio de San Juan, para que no participaran de la aprobación de ningún préstamo con los fondos delegados, en vista del pleito pendiente en aquel entonces ante la Corte Federal [*sic*]...".

Recibido y examinado el Informe del Procurador General y transcurrido el término concedido al licenciado Amundaray para expresarse en cuanto a dicho informe sin que éste compareciera, ordenamos al Procurador presentar la querella correspondiente. Así se hizo el 10 de febrero de 2006.

En la querella se imputa al letrado haber comparecido a la mencionada reunión de directores de COFECC, sin que se le hubiera invitado y sin que hubiera notificado previamente de su comparecencia a los abogados del COFECC, mientras representaba al Municipio de San Juan en el litigio instado por éste contra COFECC en el foro federal. Además:

> Durante la comparecencia del letrado querellado a la reunión se le indicó que, ante la falta de notificación sobre su asistencia y la ausencia de los abogados de COFECC, él debía abandonar la reunión. El letrado querellado se negó a abandonar la misma, argumentó cuestiones de derecho con los miembros de la Junta, expuso su versión de los hechos del caso pendiente ante el Tribunal Federal y exhortó a miembros de la Junta a abandonar la reunión. Según surge de la transcripción de la reunión, que forma parte de la queja, el letrado querellado interfirió con los trabajos de la Junta y brindó asesoramiento a los miembros de la Junta de Directores.

Por estos hechos el Procurador General imputó al licenciado Amundaray haber violado el Canon 28 de Ética

Profesional, 4 L.P.R.A., Ap. IX, C.28, en cuanto éste establece:

> El abogado no debe, en forma alguna, comunicarse, negociar, ni transigir con una parte representada por otro abogado en ausencia de éste. Particularmente, debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no esté a su vez representada por abogado.

Adujo el Procurador que el licenciado Amundaray era el representante legal del Municipio de San Juan en un pleito en el cual la corporación COFECC era la parte demandada, por lo cual no podía tener comunicación con ningún miembro de la Junta de Directores de la corporación demandada, particularmente sobre un asunto que estaba íntimamente relacionado con la causa de acción del caso instado por el Municipio contra la corporación. Según la Querella: "Independientemente de que el Municipio de San Juan haya designado ciertos miembros de la referida Junta, éstos continúan siendo funcionarios de la corporación demandada por el Municipio de San Juan".

En su contestación a la querella el licenciado Amundaray expone que actuó de acuerdo a las instrucciones de su cliente, el Municipio de San Juan, con el fin de asesorar a los miembros de la Junta de Directores nombrados por el Municipio sobre el curso de acción que debían tomar en vista del pleito pendiente. Indica que nunca intentó dar asesoramiento a otros miembros de la Junta y que ante la oposición del Presidente de la Junta a que se diera el asesoramiento solicitó a los miembros nombrados por el

Municipio que abandonasen la reunión.  Argumenta, además,

que el Municipio no sólo puede nombrar miembros de la Junta

de Directores sino que puede intervenir en las decisiones de

ésta, en el ejercicio de sus facultades como recipiente de

los fondos federales que asigna a COFECC, de auditar el uso

de dichos fondos. Indica el querellado que:

> ... como funcionario tanto de los
> Tribunales del Estado Libre Asociado de
> Puerto Rico como de las Cortes Federales
> venía obligado a advertir a los miembros de
> la Junta nombrados por el Municipio de
> consecuencias legales que podría acarear
> [*sic*] para ellos la aprobación de préstamos
> con los fondos delegados, en contravención a
> las instrucciones impartidas por el Municipio
> al sub-recipiente, a un Reporte y
> Recomendación de un Magistrado Federal y a su
> deber de fiducia hacia el Municipio. Según
> surge de la transcripción de la reunión de la
> Junta de Directores de COFECC celebrada el
> pasado 26 de mayo de 2005, el consejo legal
> impartido por el suscribiente se limitó única
> y exclusivamente a hacer tales aclaraciones y
> advertencias legales a los miembros de la
> Junta nombrados por el Municipio.

Concluye el licenciado Amundaray en su contestación

como sigue:

> El suscribiente entiende que no merece ser
> sancionado a la luz de las circunstancias
> particulares de este caso; máxime cuando su
> norte ha sido siempre la defensa honrada y
> ética de los intereses de sus clientes. En
> momento alguno hubo intención de su parte de
> tomar ventaja en la referida reunión o de dar
> consejo legal a aquellos miembros de la Junta
> que no fueron nombrados por el Municipio. Tal
> y como reconoce el Contralor del Municipio,
> el deber de dichos miembros no puede ser otro
> que el de velar por los mejores intereses del
> Municipio de San Juan y de sus residentes.
> Si dichos miembros responden al Municipio,
> ¿Cómo puede entonces argumentarse que cuando
> existan intereses encontrados entre éstos y
> la Corporación, no pueda el Municipio

procurarles asesoramiento legal para que su posición ante la Junta sea cónsona con los intereses del ayuntamiento?

El 31 de julio de 2006 designamos a la Lcda. Crisanta González Seda como Comisionada Especial para recibir la prueba en este caso. Celebrada la vista y tras la presentación de prueba por ambas partes, la Comisionada rindió su informe el 5 de abril de 2007. En éste encontró que la evidencia documental y testifical estableció el cargo imputado. Señaló específicamente que el licenciado Amundaray era abogado de una parte contraria a COFECC en un litigio vigente al momento en que intervino en una reunión de la Junta de Directores sin invitación previa de sus miembros ni de los abogados de la corporación. Concluyó que la transcripción de lo acontecido en la reunión demuestra que el querellado hizo expresiones y argumentaciones relacionadas a las controversias del caso pendiente, "utilizó vocabulario que podría resultar intimidante para los miembros de la Junta que estaban allí presentes e interrumpió y retrasó la consideración de los asuntos pendientes para la discusión de ese día, instando a miembros de la Junta a abandonar la reunión". También encontró probado que la intervención del licenciado Amundaray "provocó una discusión sobre aspectos ante la consideración de la Corte Federal, sin que el Presidente de la Junta y los otros directores contaran con el beneficio del asesoramiento legal de sus abogados...".

Se demostró durante la vista que tal como adujera el querellado en sus escritos, su comparecencia en la reunión de la Junta de Directores obedeció a instrucciones de su cliente, el Municipio de San Juan, por voz de la asesora legal del Municipio, Lcda. Elsie Prieto. En cuanto a esto expresa la Comisionada:

> ... el querellado debió negarse al requerimiento de la licenciada Prieto para que él, que era abogado del Municipio en el pleito contra COFECC, asistiera a la reunión. La relación contractual de un abogado con un cliente y su obligación de defender los intereses de éste, con la mayor dedicación y fervor, no significa, que con tal propósito, el o la abogada incurra en violaciones a los cánones de ética profesional.

Por último, concluye la Comisionada que COFECC era una entidad corporativa que actúa mediante su junta. Por eso sus directores, por razón de la autoridad que tienen para vincular a la corporación deben considerarse partes en el pleito, sujetos a la prohibición del Canon 28. Señala además la Comisionada que:

> ... el querellado ha insistido en que su conducta fue correcta y no ha hecho expresión alguna de arrepentimiento, que nos permita pensar que no ha de repetir dicha conducta, de presentarse una situación similar.

Las partes fueron notificadas del Informe de la Comisionada sin que conste en autos ninguna comparecencia posterior.

I

En reiteradas ocasiones hemos resuelto que el Canon 28 prohíbe toda comunicación entre un abogado y una parte adversa que tiene representación legal, para evitar que los

abogados de una parte hagan acercamientos inapropiados a esas personas para obtener ventaja. *In re:* <u>Martínez Llorens</u>, 2003 T.S.P.R. 14 (res. El 13 de febrero de 2003). También tiene la finalidad de prevenir que los abogados induzcan a error a personas que carecen de representación legal. De esa manera se salvaguarda tanto el derecho de los litigantes a obtener representación legal como el privilegio abogado-cliente. *In re:* <u>Castillo Herrera</u>, 159 D.P.R. 276 (2003). En *In re:* <u>Soto Cardona</u>, 143 D.P.R. 50 (1997), señalamos que el Canon 28 aplica independientemente del nivel de educación de las partes y la intención del abogado que intenta el contacto con dicha parte.

Precisamente, en *In re:* <u>Castillo Herrera</u>, <u>supra</u>, reiteramos el criterio o previamente expresado en *In re:* <u>Andréu Ramírez y Rivera Vicente</u>, 149 D.P.R. 820, 829-830 (1999), en cuanto al significado de la palabra "parte" cuando se trata de una corporación. Allí señalamos:

> ... a pesar de que constituye un principio básico del derecho corporativo que las corporaciones poseen personalidad jurídica separada de sus directores, accionistas y oficiales, resulta innegable que la realidad funcional de éstas les impide transigir pleitos, comunicarse o hacer negocios si no es por conducto de las personas naturales que dirigen sus negocios. <u>Por lo tanto, el hecho de que una entidad corporativa sea la parte nominal en una acción judicial, no excluye la posibilidad de que existen personas, por ejemplo, empleados de la corporación, quienes por razón de las funciones que desempeñan y por su autoridad para vincular y para hablar en nombre de la corporación, deban considerarse parte del pleito. Por ende, están incluidos en la prohibición establecida por el Canon 28.</u>

El abogado querellado plantea en sus escritos que nuestra decisión en *In re:* Andréu Ramírez y Rivera Vicente, supra, no es aplicable al caso de autos, porque el Municipio de San Juan, es decir su cliente, "tiene no sólo un interés en proteger la integridad de los fondos delegados a C.O.F.E.C.C., sino que además es participante activo de la Junta, por conducto de los miembros nombrados por el ayuntamiento". Entiende que los miembros de la Junta de Directores nombrados por el Municipio responden o deben responder "a los mejores intereses del Municipio de San Juan y sus residentes". Argumenta respecto a esto que su visita y participación en la reunión de la Junta de Directores "solo obedeció a una petición del Municipio de San Juan de que le auxiliara en el cumplimiento de su deber ministerial de velar por el buen uso y utilización de los fondos delegados por el Municipio de San Juan a COFECC ...".

El querellado no tiene razón. No hay tales diferencias significativas entre su caso y los anteriores en los que hemos resuelto que empleados o directores de corporaciones se consideran partes para efectos del Canon 28. Al igual que los miembros de la Junta de Directores de COFECC a quienes los licenciados Andréu Ramírez y Rivera Vicente dirigieron sus comunicaciones, en *In re:* Andréu Ramírez y Rivera Vicente, supra, los miembros de la Junta de Directores de COFECC a la fecha de la intervención del licenciado Amundaray son los que dirigen los negocios y tiene autoridad para vincular a la corporación. Al igual que los licenciados

Andréu Ramírez y Rivera Vicente en el caso anterior, el licenciado Amundaray representaba a una parte adversa a COFECC en un litigio pendiente. Al igual que en aquella ocasión, la intervención del abogado querellado tenía el objetivo de adelantar la causa de su cliente y convencer a miembros de la Junta a actuar de determinada manera acorde a los intereses de su cliente en el pleito pendiente. En el contexto ético no hay diferencia entre este caso y aquél, con dos excepciones: en aquel caso COFECC era una parte interventora y aquí era la parte demandada por el cliente del licenciado Amundaray y en aquella ocasión señalamos que aplicaríamos prospectivamente la norma por ser la primera vez que nos expresábamos sobre el particular, mientras que en esta ocasión resulta norma trillada.

II

También es norma trillada y reiterada ad nauseam por este Tribunal que el deber de lealtad de un abogado a la justicia no es menor que la lealtad debida a su cliente:

> Nuestro sistema adversativo tiene límites, la justicia le sirve de norte y la ética como principio rector lo circunscribe a fines superiores sobre los cuales descansa nuestra convivencia. Berríos v. U.P.R. 116 D.P.R. 88, 91 (1985).

Es en atención a este principio rector que el Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX C. 18, no solo impone al abogado el deber de representar diligente y competentemente a su cliente sino que demarca la extensión y los límites de ese deber al disponer que:

> Este deber de desempeñarse en forma capaz y diligente no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfantes en las causas del cliente.

Al interpretar esta disposición hemos sido enfáticos en imponer límites éticos a la entrega del abogado a la causa de su cliente. Es claro, pues, que el deber de diligencia profesional no autoriza a realizar cualquier acto que sea conveniente con el propósito de adelantar la causa del cliente. *In re:* Díaz Ortiz, 150 D.P.R. 418 (2000). Tampoco sirve para justificar el traspasar barreras éticas por cumplir instrucciones del cliente, como sucedió en este caso.

### III

Resulta evidente que el Lcdo. Amundaray incurrió en las violaciones éticas imputadas. Al determinar la sanción correspondiente a su conducta tomamos en consideración que se trata de una primera falta y que la prueba recibida no indica que se haya ocasionado perjuicio a la corporación querellante. Sin embargo debemos sopesar también que el Lcdo. Amundaray no ha reconocido en ningún momento que su conducta fue incorrecta ni ha manifestado arrepentimiento.

Por los fundamentos expuestos, resolvemos que el Lcdo. Amundaray Rodríguez infringió el Canon 28 de Ética Profesional, supra, por lo cual decretamos su suspensión inmediata del ejercicio de la profesión por el término de tres meses. Este término comenzará a transcurrir a partir

de la notificación personal de esta Opinión Per Curiam y Sentencia.

Se le impone el deber al Lcdo. Francisco J. Amundaray Rodríguez de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos el cumplimiento con lo anterior dentro del término de 30 días, a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Francisco J. Amundaray Rodríguez

CP-2006-4

SENTENCIA

En San Juan, Puerto Rico, a 24 de agosto de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia decretando la suspensión inmediata del ejercicio de la abogacía por el término de tres meses al Lcdo. Francisco J. Amundaray Rodríguez. Este término comenzará a contarse a partir de la notificación personal de la presente Opinión Per Curiam y Sentencia.

Se impone a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos el cumplimiento con lo anterior dentro del término de 30 días, a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Se ordena además que esta Opinión Per Curiam y Sentencia sea notificada personalmente al Lcdo. Francisco J. Amundaray Rodríguez.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo