

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Damián F. Planas Merced | 2010 TSPR 223<br><br>180 DPR \_\_\_\_ |

Número del Caso: CP-2008-4

Fecha: 23 de noviembre de 2010

Abogado de la Parte Peticionaria:

Oficina del Procurador General:

      Lcda. Edna E. Rodríguez Benítez
      Procuradora General Auxiliar

Materia: Conducta Profesional
(La suspensión será efectiva el 6 de diciembre de 2010, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Damián F. Planas Merced                    CP-2008-4

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de noviembre de 2010.

El 22 de febrero de 2005 el Sr. Eduardo Rodríguez Domínguez presentó una queja juramentada contra el Lcdo. Damián F. Planas Merced. Expuso, en esencia, que el abogado se había comunicado con él con relación a un caso en cobro de dinero presentado por una corporación de la cual el es accionista, a pesar de que representaba a la persona demandada.

Adujo que era accionista de la Corporación Comfort Planners, Inc., junto con el Sr. Pedro González Larriuz, y que aunque la corporación se encuentra inactiva en cuanto a sus operaciones, subsiste con el propósito de pagar y cobrar

deudas pendientes. Esa función administrativa correspondía al señor González Larriuz, quien contrató al Lcdo. Luis Sevillano Sánchez para presentar una demanda en cobro de dinero contra el señor Alfredo Domenech Guerrero, la que fue identificada como Comfort Planners, Inc. v. Alfredo Domenech, Civil Núm. CD-2004-539.

Expuso el señor Rodríguez Domínguez que en o alrededor del 21 de octubre de 2004, se comunicó a su teléfono celular una persona que se identificó como el Lcdo. Damián Planas Merced, quien alegadamente representaba al señor Domenech Guerrero en la demanda sobre cobro de dinero presentada contra éste por Comfort Planners, Inc. Durante dicha comunicación, el licenciado Planas Merced le informó que el 27 de octubre de 2004 se estaría celebrando una vista en el Tribunal de Primera Instancia, Sala de Manatí, con relación a la reclamación de Comfort Planners contra su cliente. Según el señor Rodríguez Domínguez, el licenciado Planas Merced le insinuó que el señor González Larriuz y el licenciado Sevillano Sánchez le estaban ocultando los procedimientos que se llevaban a acabo debido a ciertas agendas escondidas.

El 27 de octubre de 2004, el señor Rodríguez Domínguez acudió al Tribunal de Primera Instancia, Sala de Manatí, y allí se le acercó una persona que se identificó como el licenciado Planas Merced, con quien había hablado por teléfono unos días antes. La conversación con el licenciado Planas Merced fue interrumpida por la llegada del licenciado

Sevillano Sánchez, a quien el señor Rodríguez Domínguez informó que su presencia en el Tribunal obedecía a que el licenciado Planas Merced se había comunicado con él.

En su queja, el señor Rodríguez Domínguez indicó que el licenciado Planas Merced trató de permanecer a su lado mientras el licenciado Sevilla Sánchez intentaba dialogar con él. Llamado el caso, el licenciado Sevillano Sánchez le informó a la Jueza que presidió los procedimientos lo ocurrido con el licenciado Planas Merced y ésta le indicó al abogado que dicha conducta no era aceptable y que cualquier comunicación tenía que hacerse a través del abogado de la corporación. Tras lo sucedido, el señor Rodríguez Domínguez entendió que el propósito de la comunicación directa del licenciado Planas Merced era el suscitar en él dudas sobre las actuaciones del licenciado Sevillano Sánchez y el señor González Larriuz, para beneficio de su cliente.

El licenciado Planas Merced presentó su Contestación a la Queja el 7 de septiembre de 2005. Referimos el asunto a la Oficina del Procurador General y éste presentó su Informe el 14 de marzo de 2007.

Indicó el Procurador que el licenciado Planas Merced admitió en su contestación a la queja que sostuvo una conversación con el señor Rodríguez Domínguez, pero negó haber infringido el Canon 28, aduciendo que el señor Rodríguez Domínguez no era "parte contraria" porque la

corporación Comfort Planners había sido disuelta *de facto.* Además, el licenciado Planas Merced expuso que el único propósito de su comunicación con el señor Rodríguez Domínguez fue "auscultar la posibilidad de incluir al quejoso como parte en el pleito y garantizarle su día en corte".

No obstante, el Procurador General concluyó que, de conformidad con los criterios expuestos en *In re* Andreu, Rivera, 149 D.P.R. 820 (1999), el señor Rodríguez Domínguez debe ser considerado y es parte en la demanda sobre cobro de dinero instada por Comfort Planers, por lo cual el licenciado Planas Merced estaba impedido de comunicarse con él de forma *ex parte.* Adujo el Procurador que en el caso señalado se resolvió que los directores, empleados u oficiales de una entidad corporativa deben ser considerados parte de una acción judicial por o contra ésta. Añadió que en dicho caso se expuso que:

> La determinación de si un empleado, director u oficial corporativo es parte de la acción judicial se ha hecho tomando en cuenta factores como: el cargo que ocupa, su poder para tomar decisiones, su autoridad para vincular a la corporación o para hablar en nombre de ésta. También […] el asunto sobre el cual versa la comunicación, es decir, si está inherentemente relacionado con la controversia judicial.

Por lo expuesto, el Procurador General determinó que existía la posibilidad de que la conducta del licenciado Planas Merced haya infringido el Canon 28 del Código de Ética Profesional.

Tras solicitar varias prórrogas, el licenciado Planas Merced presentó su Réplica al Informe del Procurador General y Posición del Querellado el 11 de septiembre de 2007. En su escrito sostuvo que el señor Rodríguez Domínguez no es la "parte contraria" que contempla el Canon 28 porque la corporación Comfort Planners había sido disuelta. Insistió en lo que ya había expuesto ante el Procurador General, en el sentido de que la queja fue un esfuerzo del licenciado Sevillano Sánchez para desquitarse por una solicitud de descalificación que el licenciado Planas Merced había presentado contra él.

El licenciado Planas Merced arguyó que el certificado de incorporación de Comfort Planners fue cancelado por el Departamento de Estado desde el 2 de noviembre de 1998, por no haberse presentado los informes anuales correspondientes a los años 1995 al 1997 y que de conformidad con el Artículo 9.08 de la Ley General de Corporaciones, 14 L.P.R.A. sec. 3008, su personalidad jurídica cesó el 2 de noviembre de 2001, o sea tres años después de la fecha de la cancelación de su certificado de incorporación. Concluyó que habiendo cesado la personalidad jurídica de Comfort Planners, él no se comunicó con un oficial de dicha corporación sino que se comunicó personalmente con el señor Rodríguez Domínguez, quien no tenía conocimiento de la demanda sobre cobro de dinero instada contra el señor Domenech Guerrero y no era parte demandante sino un socio de la extinta corporación.

Por todo ello, entendía que no existe "prueba clara, robusta y convincente" de que había incurrido en violación al Canon 28.

Mediante Resolución de 30 de noviembre de 2007 ordenamos al Procurador General presentar la querella contra el licenciado Planas Merced por violación al Canon 28 de Ética Profesional. Es así como el 23 de enero de 2008 el Procurador General presentó la Querella en la que formuló el siguiente cargo:

**Cargo I**

Al comunicarse de manera ex parte con el señor Eduardo Rodríguez Domínguez el Lcdo. Damián F. Planas Merced infringió el Canon 28 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual dispone que [el] abogado no debe, en forma alguna, comunicarse, negociar, ni transigir con una parte representada por otro abogado en ausencia de éste. Particularmente, debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no está representada por abogado.

El licenciado Planas Merced presentó su Contestación a la Querella el 14 de marzo de 2008, reiterando esencialmente los mismos argumentos contenidos en la contestación a la queja y en su réplica al Informe del Procurador General. Designamos a la Lcda. Igrí Rivera de Martínez como Comisionada Especial para recibir la prueba y rendir un informe con determinaciones de hechos y las recomendaciones pertinentes.

Señalada la vista, el licenciado Planas Merced solicitó la desestimación de la querella, el 5 de septiembre de 2008. Apoyó su solicitud en que el

Tribunal de Primera Instancia había desestimado la demanda, con perjuicio, en el caso Comfort Planners, Inc. v. Alfredo Domenech Guerrero h/n/c Aircare Technology, CD2004-0539, al concluir que Comfort Planners había cesado de existir desde el 2 de noviembre de 2001, de conformidad con el Artículo 9.08 de la Ley General de Corporaciones de 1995, *supra*, por lo cual no tenía legitimación activa. Expuso el licenciado Planas Merced que Comfort Planners no había impugnado la sentencia ante el Tribunal de Apelaciones. Alegó, entonces, que al no existir la corporación Comfort Planners, el señor Rodríguez Domínguez no era accionista de la misma al presentarse la demanda y en consecuencia nunca fue representado por el licenciado Sevillano Sánchez. Por eso, la comunicación que sostuvieron el licenciado Planas Merced y el señor Rodríguez Domínguez no fue una conversación *ex parte* con una parte contraria y no infringió el Canon 28 de Ética Profesional.

Las partes presentaron el Informe de Conferencia con Antelación a Vista Disciplinaria el 9 de septiembre de 2008. En el mismo se estipuló que, de conformidad con la Sentencia emitida el 9 de julio de 2008, en el caso mencionado anteriormente, Comfort Planners cesó de existir jurídicamente el 2 de noviembre de 2001. El querellado reiteró su petición de desestimación de la querella porque en esas circunstancias su conversación

con el señor Rodríguez Domínguez no podía ser considerada como una comunicación *ex parte.*

Posteriormente, el 23 de septiembre de 2008, el Lcdo. Jorge L. Santiago Carrasquillo, representante legal del querellado, solicitó autorización para renunciar a la representación legal, por haber surgido diferencias irreconciliables con su cliente. En su solicitud, expresó que contrario a lo expuesto en la moción solicitando desestimación de la querella, la Sentencia dictada por el Tribunal de Primera Instancia en el caso Comfort Planners, Inc. v. Alfredo Domenech Guerrero, CD-2004-0539, no había advenido final y firme. Informó que después de presentar dicha moción recibió varios documentos que evidenciaban que el 13 de agosto de 2008, se había presentado una apelación ante el Tribunal de Apelaciones en el mencionado caso, identificada con el número KLAN2008-1282. Explicó que recibió dicha documentación el día antes de presentar su renuncia a la representación legal aunque su representado, el licenciado Planas Merced, fue notificado de ello el 22 de agosto de 2008, antes de presentarse la moción de desestimación.[1]

---

[1] Junto a su moción, el abogado renunciante incluyó copia de una Resolución del Tribunal de Apelaciones de 25 de agosto de 2008, en la que se concedió a la parte apelada un término de 20 días para expresar su posición con relación al recurso presentado. Esta Resolución fue notificada el 4 de septiembre de 2008. Además se incluyó copia de la notificación de presentación de recurso de

La Lcda. Myrna E. López Colón asumió la representación del querellado. Tras varios trámites y reuniones, las partes presentaron un Informe de Conferencia Enmendado, el 24 de marzo de 2009. Éste no incluyó estipulación alguna respecto a lo resuelto por el Tribunal de Primera Instancia. En vez, las partes estipularon que: (1) El Lcdo. Luis Sánchez Sevillano presentó demanda en cobro de dinero en representación de Comfort Planners, Inc., el 18 de junio de 2004 y (2) antes de la llamada telefónica del querellado, el señor Rodríguez Domínguez tenía un total desconocimiento del estado de los procedimientos que se estaban llevando a cabo contra el señor Domenech Guerrero en el caso de cobro de dinero.

A la vista final comparecieron el Procurador General, representado por la Procuradora General Auxiliar, Lcda. Edna E. Rodríguez Benítez, y el querellado, representado por la Lcda. Myrna E. López Colón. La Procuradora General Auxiliar sometió su caso a base del expediente de la queja AB-2005-45, que contiene la querella y los incidentes originales.

Por su parte, el querellado expuso, una vez más, que el señor Rodríguez Domínguez no tenía nada que ver con

---

apelación en el Tribunal de Apelaciones de 22 de agosto de 2008. Ésta notificación fue enviada al licenciado Planas Merced y al Secretario General del Tribunal de Manatí.

Comfort Planners desde el año 2002. Arguyó que no existía en este procedimiento la prueba clara, robusta y convincente requerida. Ambas partes solicitaron término para presentar memoriales de derecho. Una vez recibidos, la Comisionada Especial sometió su Informe, en el cual encontró probados los siguientes hechos:

1. El Lcdo. Damián F. Planas Merced fue admitido a la práctica de la abogacía el 30 de junio de 1995 y de la notaría el 17 de agosto de 1995.

2. Comfort Planners, Inc. es una corporación con fines de lucro organizada el 13 de febrero de 1968 bajo las leyes de Puerto Rico. Sus accionistas son el Sr. Eduardo Rodríguez Domínguez y el Sr. Pedro González Larriuz. El 2 de septiembre de 1998 el Departamento de Estado notificó a Comfort Planners su incumplimiento con la presentación de los Informes Anuales correspondientes a los años 1995 al 1997, y su intención de cancelación por tal actuación. El 2 de noviembre de 1998 el certificado de incorporación de Comfort Planners fue cancelado por no haber cumplido con los requisitos exigidos por el Art. 15.02 de la Ley 144 de 10 de agosto de 1995, 14 L.P.R.A. sec. 3272, según enmendada.

3. Desde el año 2002, por acuerdo de los accionistas, la corporación Comfort Planners se encuentra inactiva en cuanto a sus operaciones; sin embargo,

ha permanecido activa con el fin de pagar y cobrar deudas pendientes. Entre las personas que adeudaban dinero a Comfort Planners se encontraba el Sr. Alfredo Domenech Guerrero quien hacía negocios como Aircare Technology. Por tal razón, el 18 de junio de 2004 el Lcdo. Luis Sánchez Sevillano presentó una demanda en cobro de dinero contra el señor Domenech Guerrero en representación de Comfort Planners. Dicha demanda fue presentada en el Tribunal de Primera Instancia, Sala de Manatí y fue identificada como Comfort Planners, Inc. v. Alfredo Domenech Guerrero h/n/c Aircare Technology, Civil Núm. Cd-2004-539.

4. Varios días antes de la celebración de la vista sobre el estado de los procedimientos pautada para el 27 de octubre de 2004, el Lcdo. Damián Planas Merced, representante legal del señor Domenech Guerrero, se comunicó por teléfono con el señor Rodríguez Domínguez, en presencia de su cliente. La comunicación fue con el propósito de indagar si éste tenía conocimiento sobre la demanda presentada e informarle sobre la fecha, hora y lugar en que se celebraría la primera vista en el caso.

5. Debido a que al momento desconocía que se hubiera presentado tal reclamación y ante la información ofrecida por el licenciado Planas Merced, el señor

Rodríguez Domínguez compareció a la vista señalada para el 27 de octubre de 2004 en el Tribunal de Primera Instancia, Sala de Manatí. Mientras el señor Rodríguez Domínguez se encontraba en el Tribunal de Manatí, se le acercaron el señor Domenech Guerrero y el licenciado Planas Merced quien volvió a mencionarle lo discutido previamente por teléfono. La conversación entre ambos fue interrumpida por la llegada del licenciado Sevillano Sánchez. A preguntas del licenciado Sevillano Sánchez, el señor Rodríguez Domínguez le indicó que se encontraba allí porque el licenciado Planas Merced se comunicó con él para informarle sobre el proceso que se estaba llevando a cabo y decidió asistir por desconocer lo que sucedía. El licenciado Sevillano Sánchez le informó que su comparecencia no era necesaria porque se trataba de la primera vista sobre el estado de los procedimientos.

6. Llamado el caso, el licenciado Sevillano Sánchez informó al Tribunal sobre la comunicación del licenciado Planas Merced con el señor Rodríguez Domínguez. Ante lo expresado, la Juez Gloria Sierra Henríquez apercibió al licenciado Planas Merced que no debía tener contacto con el señor Rodríguez Domínguez y que cualquier comunicación debía realizarse a través del abogado.

7. Tras varios incidentes procesales, el 9 de julio de 2008 el Tribunal de Primera Instancia dictó Sentencia en el caso Comfort Planners, Inc. v. Alfredo Domenech Guerrero h/n/c Aircare Technology. Dicha Sentencia fue notificada el 10 julio de 2008. Mediante Certificación de 13 de agosto de 2008, la Secretaria del Tribunal de Apelaciones certificó que no surgía del registro automatizado de casos que dentro del periodo comprendido desde el 24 de enero de 1995 hasta el 20 de agosto de 2008 se hubiera presentado un recurso ante dicho Tribunal cuyo epígrafe leyera: Estado Libre Asociado de Puerto Rico, Comfort Planners, Inc. v. Alfredo Domenech Guerrero h/n/c Aircare Technology.

8. En realidad, Comfort Planners presentó una apelación el 13 de agosto de 2008 y el 22 de agosto de 2008 se notificó de ello al licenciado Planas Merced. Mediante Sentencia de 24 de octubre de 2008 el Tribunal de Apelaciones revocó la determinación del Tribunal de Primera Instancia. Concluyó que Comfort Planners tenía legitimación activa para presentar la reclamación judicial como consecuencia de la renovación de su certificado de incorporación. Encontró que Comfort Planners había renovado su certificado de incorporación el 3 de enero de 2008, y lo había acreditado ante el foro de instancia

antes de que éste emitiera la sentencia apelada. Determinó también que, en virtud del Artículo 11.02 de la Ley General de Corporaciones, 14 L.P.R.A. sec. 3102, la cancelación del certificado de incorporación por no haberse presentado los informes anuales requeridos no privó a Comfort Planners automáticamente de su capacidad para demandar y ser demandada como ente corporativo. Por el contrario, según la disposición señalada, la corporación quedó renovada y establecida con la misma fuerza y vigor como si no hubiera perdido validez en el ínterin. Por tanto, el Tribunal de Apelaciones devolvió el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.[2]

---

[2] Específicamente, el foro apelativo resolvió que:

"[d]e acuerdo con ese mismo articulado, tal reinstalación validará todo contrato, acto, asunto tramitado o cosa hecha por la corporación y los oficiales o agentes de la corporación dentro del alcance de su certificado de incorporación, durante el término que el mismo estuvo ineficaz o írrito, como si el certificado de incorporación hubiera subsistido en todo momento para todos los fines con igual fuerza y vigor. Así también, se establece que la corporación será exclusivamente responsable por todo contrato otorgado, acto, asunto tramitado o cosa hecha en representación de la corporación por sus oficiales y agentes antes de su restablecimiento como si el certificado de incorporación hubiera permanecido en todo momento en plena fuerza y vigor.

9. El querellado, licenciado Planas Merced se ha mantenido firme en su posición de que no ha habido prueba clara, robusta y convincente de que el señor Rodríguez Domínguez fuera parte del proceso o parte representada por abogado, por lo que no se violó el Canon 28 de Ética Profesional, como le imputa.

10. El querellado admite que hizo una llamada al señor Rodríguez Domínguez el 16 de octubre de 2004, pero aduce que lo hizo con la certeza de que éste no era parte en el pleito en ese momento y para auscultar la posibilidad de incluirlo como parte demandada.

Acorde las determinaciones de hechos arriba reseñadas, la Comisionada concluyó que el querellado no debió haber intervenido con el quejoso, constituyendo tal conducta una violación al Canon 28.

II

El Canon 28 del Código de Ética Profesional dispone lo siguiente:

> El abogado no debe, en forma alguna, comunicarse, negociar ni transigir con una parte representada por otro abogado en ausencia de éste. Particularmente, debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no esté a su vez representada por abogado.

En *In re* Andreu, Rivera, 149 D.P.R. 820, 825 (1999) explicamos la razón de ser de esta limitación a la conducta de los abogados que litigan en nuestra

jurisdicción y en *In re* Axtmayer Balzac, 2010 T.S.P.R. 85, reiteramos ese criterio como sigue:

> Este Canon regula las comunicaciones que emiten los abogados de una parte hacia la parte contraria. Su propósito en evitar que los abogados obtengan una ventaja indebida mediante acercamientos inapropiados y anti éticos hechos a una parte en ausencia de su representación legal, como también prevenir que los abogados induzcan a error a personas que no están representadas legalmente. De esa manera se salvaguarda el privilegio abogado-cliente [nota omitida] y el derecho de los litigantes a obtener una representación legal adecuada.

En lo que nos atañe, el Canon 28 prohíbe que el abogado de una parte se comunique con la otra parte, en ausencia de su representante legal. En cuanto a quiénes deben considerarse "parte" para propósito de esta prohibición, en *In re* Andreu, Rivera, *supra,* explicamos que ese término "no se circunscribe a la entidad corporativa", puesto que las corporaciones, "como regla general, actúan por conducto de directores y oficiales, encargados de dirigir sus asuntos y negocios". *Id.,* pág. 826. Por eso, los directores, empleados u oficiales de una corporación pueden ser partes en una acción judicial instada en contra de la corporación.

Para determinar si una persona en particular lo es, a los efectos del canon, se deben considerar factores como el cargo que ésta ocupa, su poder para tomar decisiones y su autoridad para vincular a la corporación o para hablar a nombre de ésta. *In re* Andreu, Rivera, *supra*, pág. 829; *In re* Axtmayer Balzac, *supra*. Véase, también *In re*

Amundaray Rodríguez, 172 D.P.R. 60 (2007). Además, en *In re* Castillo Herrera, 159 DPR 276, 279 (2003), reconocimos que el Canon 28 no solo pretende evitar que los abogados de una parte hagan acercamientos inapropiados a personas oviando a sus representantes legales, sino que "[t]ambién tiene por finalidad prevenir que los abogados induzcan a personas que carecen de representación legal." Cabe señalar que la intención del abogado al comunicarse con una parte contraria no es pertinente; puede tener las mejores intenciones pero la frontera trazada por el Canon tiene que respetarse. In re, Guzmán Rodríguez, 167 D.P.R. 310 (2006). Véase también, *In re* Martínez Lloréns, 158 D.P.R. 642 (2003).

III

El señor Rodríguez Domínguez era uno de los dos accionistas de la corporación demandante en el caso presentado ante el Tribunal de Primera de Instancia. En ese caso se reclamaba, a nombre de la corporación el pago de una deuda alegadamente debida a ésta por el cliente del licenciado Planas Merced.

Si aplicamos los criterios desarrollados por nuestra jurisprudencia, es del todo previsible que en una corporación constituida por sólo dos accionistas, ambos tengan algún grado de poder para tomar decisiones y autoridad para vincular a la corporación o hablar a nombre de ésta. El licenciado Planas Merced no demostró

lo contrario, sino que descansó en meras alegaciones relacionadas a la cancelación del certificado de Comfort Planners por impago de los derechos anuales. Además, nos parece evidente que aunque la corporación hubiese sido disuelta, como alegó el licenciado Planas Merced, el resultado de un caso de cobro de una deuda corporativa podría afectar a quienes fueron sus accionistas. Igual de evidente nos parece que el licenciado Planas Merced tenía conciencia de esa posibilidad, pues según explicó en su moción en cumplimiento de orden presentada el 23 de julio de 2007, invitó al señor Rodríguez Domínguez al tribunal "para que se enterara y tuviera su día en corte". Por otra parte, no hay duda de que los acercamientos del licenciado

Planas Merced podían inducir a error al señor Rodríguez Domínguez, quien carecía de representación legal.

No podemos permitir que un abogado se escude tras sutilezas y sofismos para evadir su responsabilidad ética. Por eso, considerado todo lo anterior, resolvemos que la comunicación del licenciado Planas Merced con el señor Rodríguez Domínguez fue una comunicación *ex parte* que violó el Canon 28.

Hemos señalado anteriormente que una vez se demuestra que un abogado o abogada ha traspasado los límites de su responsabilidad ética, la sanción que habremos imponer

estará condicionada, no sólo por la gravedad de la violación, sino por factores tales como: la buena reputación del abogado en la comunidad, el historial previo de éste, si constituye su primera falta y si ninguna parte ha sido perjudicada, la aceptación de la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, resarcimiento al cliente y cualquier otra consideración, ya sea atenuante o agravante, que sea pertinente de conformidad con los hechos. *In re* Quiñones Ayala, res. El 30 de junio de 2005, 165 D.P.R. 138 (2005).

Tomando en consideración que esta es la primera vez que se le imputa una falta ética al querellado, limitamos la sanción a la suspensión de la práctica de la profesión por un término de tres meses.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Damián F. Planas Merced

CP-2008-4

SENTENCIA

En San Juan, Puerto Rico, a 10 de noviembre de 2010.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia decretando la suspensión inmediata del ejercicio de la abogacía por el término de tres meses al Lcdo. Damián F. Planas Merced. Este término comenzará a contarse a partir de la notificación personal de la presente Opinión Per Curiam y Sentencia.

Se ordena además que esta Opinión Per Curiam y Sentencia sea notificada personalmente al Lcdo. Damián F. Planas Merced.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton recomienda que la sanción en este caso sea una suspensión por un mes.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo