EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Humberto Guzmán Rodríguez | 2006 TSPR 61 <br><br> 167 DPR _____ |

Número del Caso: AB-2005-13

Fecha: 10 de marzo de 2006

Abogada de la Parte Querellada:

> Lcda. Maricarmen Ramos de Szendrey

Oficina del Procurador General de P.R.:

> Lcda. Noemí Rivera De León
> Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Humberto Guzmán Rodríguez | 2006 TSPR 61 167 DPR _____ |

Número del Caso: AB-2005-13

Fecha: 10 de marzo de 2006

Abogada de la Parte Peticionaria:

Lcda. Maricarmen Ramos de Szendrey

Oficina del Procurador General de P.R.:

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

AB-2005-013

Humberto Guzmán Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 10 de marzo de 2006.

El licenciado Humberto Guzmán Rodríguez, fue admitido al ejercicio de la abogacía el 18 de noviembre de 1980 y al ejercicio del notariado el 10 de febrero de 1981.

El 18 de enero de 2005, el señor Erick J. Rodríguez Toro, presentó una queja jurada contra éste, imputándole conducta alegadamente violatoria del Canon 28 de Ética Profesional[1]. Específicamente, alegó en su queja que tanto él como varias corporaciones de las cuales es accionista, fueron demandados en el Tribunal Federal por Verónica Lee Barnés en el

---

[1] 4 L.P.R.A., Ap. IX, C. 28.

caso <u>Verónica Lee Barnés v. Puerto Ven Quary Corp, et al.</u>[2]

En dicho pleito, el licenciado Guzmán Rodríguez es abogado de la parte demandante, señora Lee Barnés, y el licenciado Enrique Almeyda Bernal es el abogado del señor Rodríguez Toro.[3] Arguyó el quejoso, que el 9 de noviembre de 2004 se reunió con la señora Lee Barnés en las oficinas del Bufete Martínez, Odell & Calabria, donde entonces trabajaba el licenciado Guzmán Rodríguez, con el propósito de intentar lograr una transacción en el caso. El quejoso asistió a la referida reunión sin su abogado. Según alega, estuvo reunido con la señora Lee Barnés por espacio de una hora en el salón de conferencia. Añadió que luego de la reunión, la señora Lee Barnés llamó a su abogado, el licenciado Guzmán Rodríguez.

Arguyó que el licenciado Guzmán Rodríguez, mediante presión e induciéndolo a error, logró convencerlo sobre cierta transacción en el caso sin éste haber consultado con su abogado. Añadió que, luego de convencerlo, el licenciado Guzmán Rodríguez escribió en un papel, con su puño y letra, el acuerdo al que supuestamente habían llegado luego de la intervención del querellado.[4] Adujo, además, que el licenciado Guzmán Rodríguez

---

[2] 03-2358 (SEC).

[3] De conformidad con el expediente ante nos, el señor Rodríguez Toro estuvo representado originalmente por el licenciado Almeyda Bernal, luego por el licenciado Fernando Longo y desde febrero del 2005, por el licenciado Almeyda Bernal nuevamente.

[4] El señor Rodríguez Toro acompañó con su queja copia de dicho papel escrito a mano como Anejo I. Cabe señalar que el 10 de noviembre de 2004, el quejoso se comunicó con la señora Lee

nunca llamó a su abogado durante la reunión, por lo que entendió que la conducta de éste viola los cánones de ética de los abogados.[5]

El 11 de marzo de 2005, el licenciado Humberto Guzmán presentó su contestación a la queja, representado por la licenciada Maricarmen Ramos de Szendrey. Sostuvo que a principios de noviembre de 2004, el quejoso le manifestó a su representada su interés en transigir el caso. Por ello, comenzaron a reunirse las partes, junto a sus abogados, con el propósito de ponerle fin al litigio en cuestión. Luego de que ciertas conversaciones habidas el 8 de noviembre de 2004 no culminaran con una transacción, el 9 de noviembre el quejoso llamó a su cliente con el propósito de reunirse para terminar el pleito. Sostuvo que ambas partes se comunicaron con sus abogados, pero éstos no podrían reunirse ese día, por lo que la señora Lee Barnés y el quejoso acordaron reunirse solos. Aceptó que en cierto momento su cliente lo llamó y le pidió que los ayudara.

No obstante, sostiene que quiso aprovechar el ánimo que tenían las partes de lograr una transacción y se reunió con ellas. Añadió que, de buena fe, redujo a escrito el convenio transaccional que ambas partes firmaron. Reconoció que su conducta es contraria al texto literal del Canon 28, *supra*, por lo que admite que fue imprudente al participar en la reunión que las partes sostenían, sin que el representante del quejoso

---

Barnés para informarle que no honraría el acuerdo porque le resultaba muy oneroso.

[5] Queja jurada presentada por el señor Rodríguez Toro, el 18 de enero de 2005.

estuviera presente. Reconoció que debió abstenerse de participar en la referida reunión. No obstante, entiende que, considerado los intereses protegidos por el Canon 28, *supra*, su conducta no perjudicó de ninguna manera a las partes. Añadió que tampoco obtuvo lucro personal ni alguna ventaja indebida para su representada, ni esperaba obtenerla en ningún momento, toda vez que "…era un hecho incuestionable que el representante de Rodríguez Toro examinaría el documento y tendría que aprobarlo para presentárselo al tribunal en una estipulación transaccional judicial".[6] Expresó que su conducta no tuvo consecuencias de ninguna naturaleza para nadie y que debe tomarse en consideración el hecho de que goza de una excelente reputación en la comunidad legal y que nunca antes había sido objeto de una queja disciplinara.

El 25 de abril de 2005 referimos el asunto al Procurador General para su investigación e informe, quien sometió su informe el 13 de octubre de 2005. El 20 de octubre de 2005, le concedimos al licenciado Guzmán Rodríguez un término de veinte (20) días para expresarse sobre el Informe del Procurador General. Así lo hizo el licenciado Guzmán Rodríguez. Resolvemos.

II

El Canon 28 del Código de Ética Profesional*, supra*, dispone lo siguiente:

> "El abogado no debe, en forma alguna, comunicarse, negociar ni transigir con una

---

[6] Contestación del licenciado Guzmán Rodríguez a la queja en cuestión del 11 de marzo de 2005.

> parte representada por otro abogado en
> ausencia de éste.  Particularmente, debe
> abstenerse de aconsejar o incurrir en conducta
> que pueda inducir a error a una parte que no
> esté a su vez representada por abogado".

El referido canon claramente proscribe, entre otras cosas, **toda comunicación** entre un abogado y una parte adversa que ostenta representación legal.  El propósito del mismo es evitar que los abogados de una parte hagan acercamientos inapropiados y antiéticos a personas debidamente representadas para obtener ventaja.  Pretende, además, prevenir que los abogados induzcan a error a personas que carecen de representación legal.  De esta forma se salvaguarda tanto el derecho de los litigantes a obtener representación legal adecuada, como el privilegio abogado cliente.[7]

La prohibición contenida en el Canon 28, *supra*, aplica independientemente del nivel de educación o escolaridad de las partes y de la intención del abogado que intenta el contacto con la parte.[8]  Hemos expresado que la jerarquía profesional del abogado comparada con la ausencia de preparación del adversario lego, colocaría al abogado que así actúe en posición ventajosa y se le haría fácil inducir a error al adversario falto de su representación legal.  Aún en casos de igualdad de circunstancias entre abogado y parte adversa, hemos expresado

---

[7] In re Martínez Lloréns, 2003 T.S.P.R. 14, 2003 J.T.S. 16, 158 D.P.R. ___ (2003); In re Andreu y Rivera, 149 D.P.R. 820 (2002).

[8] In re Martínez Lloréns, *supra*.

que es conducta impropia el intentar comunicarse con la parte adversa en ausencia de su abogado.[9]


III

En el presente caso, no existe controversia sobre la intervención del licenciado Guzmán Rodríguez en la reunión entre el querellante y la señora Lee Barnés.  De hecho, aceptó que fue él quien redujo a escrito el convenio transaccional que ambas partes firmaron.  Ello, sin la presencia del abogado del señor Rodríguez Toro en la referida reunión.

El licenciado Guzmán Rodríguez entiende que lo anterior no debe ser motivo de sanciones disciplinarias porque el quejoso es un experimentado hombre de negocios, accionista o presidente de varias corporaciones.  Sostiene que no podía  inducirlo a error al momento de la transacción por tratarse de una materia mejor conocida por el propio quejoso que por el querellado.  No le asiste la razón. Como anteriormente expresamos, la prohibición contenida en el Canon 28, aplica independientemente del nivel de educación o escolaridad de las partes.[10]

Por otro lado, arguye, que aunque su conducta es contraria al texto del Canon 28, *supra*, su intención no fue obtener lucro personal ni ventaja indebida para su representada.  Sostiene que, **de buena fe**, quiso aprovechar el ánimo de las partes en ponerle fin al pleito por lo que redujo a escrito el acuerdo

---

[9] Íd.; In re Andreu y Rivera, *supra*, citando a S. Torres Peralta, El Derecho Notarial Puertorriqueño, ed. Especial, San Juan, Pubs. STP, 1995, Cap. IV, págs. 4.67-4.68.

[10] In re Martínez Lloréns, *supra*.

transaccional sin llamar al abogado del quejoso. Por ello, entiende que su conducta no amerita ni tan siquiera una censura por parte de este Tribunal. No compartimos su criterio.

Independientemente de la intención que tuviera el licenciado Guzmán Rodríguez al intervenir en la reunión, el Canon 28, *supra*, le prohíbe expresamente comunicarse, negociar o transigir con una parte representada por un abogado en ausencia de éste. De hecho, conforme surge del expediente ante nos, la razón por la cual las partes se reunieron sin sus respectivos abogados era porque ninguno de ellos tenía la fecha disponible para acompañarlos. Es decir, el querellado sabía que el quejoso tenía representación legal y que éste no podía acompañar a su cliente durante tal reunión. A pesar de ello, se personó a la reunión sin que estuviera presente el abogado del señor Rodríguez Toro.

Conociendo lo anterior, el licenciado Guzmán Rodríguez debió haberse negado a intervenir en la reunión sin la presencia del representante legal del señor Rodríguez Toro, independientemente de las buenas intenciones que pudiera tener de ponerle fin al pleito en cuestión. El licenciado Guzmán Rodríguez sabía que el Canon 28, *supra*, le prohibía **toda comunicación** con la otra parte en ausencia de su abogado, por lo que los motivos que tuviera para hacerlo no justifican su conducta. Sus buenas intenciones no le eximen del cumplimiento con las normas éticas que rigen la profesión.

Concluimos, en consecuencia, que la conducta incurrida por el licenciado Guzmán Rodríguez violentó las disposiciones del Canon 28 del Código de Ética Profesional, *supra*.

No obstante, hemos establecido que al determinar la sanción disciplinaria que se habrá de imponer al abogado querellado, podemos tomar en cuenta factores como la reputación del abogado en su comunidad, el historial previo de éste, si se trata de su primera falta, la aceptación de la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, resarcimiento al cliente y cualesquiera otras consideraciones ya bien atenuantes o agravantes que medien de acuerdo a los hechos.[11]

En el presente caso, el licenciado Guzmán Rodríguez ha reconocido que fue imprudente al participar de la reunión que las partes sostenían, sin que el representante del quejoso estuviera presente. Tampoco existe indicio alguno de que el quejoso se haya perjudicado por la actuación del querellado. Se trata, además, de un abogado que ha gozado de buena reputación por espacio de quince (15) años y que comete su primera falta dentro de su descargo profesional en la abogacía. Nunca antes se había presentado queja alguna por su conducta profesional.

Tomando en consideración lo antes expuesto, procede que limitemos nuestra sanción disciplinaria a una censura al licenciado Guzmán Rodríguez. Se le apercibe que en el futuro deberá dar fiel y cabal cumplimiento a los Cánones de Ética Profesional que rigen la profesión de abogado o, de lo contrario, será objeto de sanciones disciplinarias más severas.

Se dictará sentencia de conformidad.

---

[11] In re Ortiz Morales, 2005 T.S.P.R. 187, 166 D.P.R. ___ (2005); In re Montalvo Guzmán, 2005 T.S.P.R. 82, 2005 J.T.S. 87, 164 D.P.R. ___ (2005); In re Martínez Lloréns, *supra*; In re Vélez Barlucea, 152 D.P.R. 298 (2002).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Humberto Guzmán Rodríguez

AB-2005-013

SENTENCIA

San Juan, Puerto Rico, a 10 de marzo de 2006.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia censurando al licenciado Humberto Guzmán Rodríguez por la conducta incurrida en el presente caso, apercibiéndosele contra futuras infracciones de los Cánones de Ética Profesional.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo