EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>José M. Colón Ortiz | 2020 TSPR 57<br><br>204 DPR _____ |

Número del Caso:  CP-2017-4
                  (TS-10,167)


Fecha:  15 de julio de 2020


Abogados del querellado:

        Lcdo. Guillermo Figueroa Prieto
        Lcdo. Mario A. Rodríguez Torres



 Oficina del Procurador General:

        Lcdo. Joseph Feldstien Del Valle
        Subprocurador General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

        Lcda. Lorena Cortés Rivera
        Subprocuradora General


Comisionado Especial:

        Hon. Antonio Negroni Cintrón


Materia:  Conducta Profesional: Censura Enérgica por violación a los
Cánones 28 y 38 de Ética Profesional


Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de compilación
y publicación oficial de las decisiones del Tribunal. Su distribución
electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| José M. Colón Ortiz | CP-2017-04 | |
| TS-10,167 | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 15 de julio 2020.

En esta ocasión nos corresponde determinar si el Lcdo. José M. Colón Ortiz (licenciado Colón Ortiz o querellado) infringió los Cánones 28 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX.

El licenciado Colón Ortiz fue admitido al ejercicio de la abogacía el 7 de julio de 1992 y al ejercicio de la notaría el 10 de agosto de 1993.[1] El proceso disciplinario de epígrafe surgió como consecuencia de una Queja Ética presentada el 14 de abril de 2015 por el Sr. Aníbal Fragosa Rodríguez (promovente) en contra de tres (3) licenciados, incluyendo al querellado.[2] Según surge de la Queja, el 28 de agosto de 2104 se llevó a cabo una reunión entre, *inter alia*, el promovente y los licenciados Fernando Campoamor Redín, José M. Colón Ortiz, y Juan A. Núñez García. En la reunión,

---

[1] El Lcdo. José M. Colón Ortiz renunció voluntariamente al ejercicio de la notaría mediante carta de 27 de junio de 2008. El 24 de marzo de 2009 emitimos Resolución readmitiendo al ejercicio de la notaría al Lcdo. José M. Colón Ortiz.
[2] Queja Núm. AB-2015-0138.

los licenciados discutieron con el promovente, **en ausencia de la representante legal de este último**, asuntos relacionados a la acción Civil Núm. NSCI2014-00311,[3] en la cual el promovente era parte demandada y los licenciados representaban a la parte demandante. Por entender que el proceder del querellado se apartó de lo que prescriben los referidos Cánones, procedemos a ejercer nuestra facultad disciplinaria. Veamos.

I

El 8 de mayo de 2014, la Sra. María Victoria Torres Santiago (señora Torres Santiago) radicó una acción civil sobre *Resolución de Contrato por Incumplimiento y Daños y Perjuicios*, contra el promovente y su esposa. La señora Torres Santiago estaba representada por los licenciados Fernando Campoamor Redín, José M. Colón Ortiz, y Juan A. Núñez García. La señora Torres Santiago alegaba que los demandados le habían vendido un inmueble mediante escritura otorgada el 6 de abril de 2006.

Según surge de la demanda, la señora Torres Santiago, alegaba que al momento de la compraventa no se le informó del verdadero estatus registral de la propiedad y que no se habían corregido unas faltas señaladas por el Registro de la Propiedad, por lo que la propiedad objeto de la compraventa no había logrado acceso al Registro. A su vez, por conducto de la Lcda. Janet Rosa Rivera (licenciada Rosa Rivera), los

---

[3] *María Victoria Torres v. Aníbal Fragosa Rodríguez y otros,* Civil Núm. NSCI2014-00311.

demandados solicitaron la desestimación de la acción. Sostuvieron que actuaron de buena fe en dicha compraventa y que la Demanda carecía de una reclamación que justificara la concesión de un remedio.

Así las cosas, como parte de los esfuerzos para transigir el pleito, el Sr. David Pizarro Rivera, quien fungió como agente de bienes raíces en el negocio de compraventa, se comunicó con los representantes legales de la señora Torres Santiago y coordinaron una reunión para el 28 de agosto de 2014. El promovente asistió junto a su esposa a la reunión, **sin estar acompañado de su representación legal**. También estuvieron en la reunión el Sr. David Pizarro Rivera y su esposa. Como consecuencia de la reunión, el 14 de abril de 2015, el promovente presentó la Queja Núm. AB-2015-0138, contra los licenciados Fernando Campoamor Redín, José M. Colón Ortiz y Juan A. Núñez García. El promovente sostiene que los licenciados lo entramparon con la intención de sacar ventaja indebida al reunirlo sin su representación legal.

Cabe señalar que el 22 de julio de 2015, se archivó en autos la notificación de la Sentencia dictada por el Tribunal de Primera Instancia, declarando Ha Lugar la moción desestimatoria presentada por el promovente y su esposa.[4]

El 5 de mayo de 2015, referimos el asunto a la Oficina del Procurador General de Puerto Rico (Procurador General) para que investigara la Queja y rindiera el correspondiente

---

[4] *Íd.*

Informe. El 17 de febrero de 2016, el Procurador General presentó el Informe y expuso que, luego de un análisis del expediente, se desprende que los abogados querellados violaron los Cánones 28 y 38 del Código de Ética Profesional, *supra*, al sostener una comunicación con el promovente y su esposa en ausencia de su representación legal y no evitar la apariencia de conducta impropia.[5] El 18 de noviembre de 2016, emitimos una Resolución ordenando al Procurador General a que presentara la correspondiente Querella. El 27 de abril de 2017, el Procurador General presentó la Querella.

Por otra parte, el 27 de abril de 2017, se emitió *Mandamiento para Contestar Querella sobre Conducta Profesional*. Los querellados presentaron su *Contestación a la Querella* el 22 de junio de 2017. Estos aceptaron la ocurrencia de la reunión y alegaron que de haber cometido algún error este fue uno de buena fe ya que la reunión no había afectado a las partes y no se hizo con la intención de tomar ventajas indebidas.[6]

En vista de lo anterior, el 20 de marzo de 2018 emitimos una Resolución designando como Comisionada Especial a la Hon. Georgina Candal Segurola, Ex Jueza Superior del Tribunal de Primera Instancia, para que recibiera la prueba y nos emitiera un Informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. Iniciado los procedimientos preliminares, emitimos una Resolución el 15

---

[5] *Informe de la Procuradora General* de 17 de febrero de 2016, pág. 9.
[6] *Contestación a la Querella* de 22 de junio de 2017, pág. 8.

de mayo de 2018 donde ordenamos el archivo del asunto respecto a los licenciados Juan A. Núñez García y Fernando Campoamor Redín, en vista del fallecimiento de ambos.[7]

Luego de varios trámites, el 21 de junio de 2018, la Comisionada Especial se inhibió en el procedimiento disciplinario. Debido a lo anterior, el 29 de junio de 2018, designamos como Comisionado Especial al Hon. Antonio Negroni Cintrón, Ex Juez del Tribunal de Apelaciones, para que continuara los procedimientos de la querella.

Tras varios incidentes procesales, la Vista en su Fondo se celebró el 20 de mayo de 2019. Durante esta, la Procuradora General Auxiliar, Lcda. Minnie H. Rodríguez López, presentó como testigos al promovente y al Sr. David Pizarro Rivera. La representación legal del querellado, entre otras cosas, informó que daba por sometido el caso con la prueba estipulada de buena reputación, la cual consistía en las Declaraciones Juradas del Lcdo. Aurelio García Morales, Lcdo. José A. Gutiérrez Núñez y el Lcdo. Luis Felipe Navas de León. Además, solicitó término para presentar un memorando. Como consecuencia, la Procuradora General Auxiliar solicitó igual plazo para replicar. Así las cosas, se determinó que el caso quedaría sometido ante el Comisionado Especial una vez presentados los memorandos.

Posteriormente, la representación legal del querellado presentó *Memorando* en el que enfatizó que no se probó que el

---

[7] El Lcdo. Juan A. Núñez García falleció el 26 de enero de 2018 y el Lcdo. Fernando Campoamor Redín falleció el 22 de abril 2018.

licenciado Colón Ortiz se hubiera comunicado, negociado o hubiera transigido al reunirse con la parte contraria en ausencia de su representación legal. A su vez, la Procuradora General Auxiliar presentó *Réplica a Memorando del Querellado*, donde señaló que no se había alegado participación en específico del querellado en la reunión ya que lo esencial es que se hubiera dado un acercamiento hacia la otra parte sin su representación legal.

El 3 de octubre de 2019, el Comisionado Especial sometió su Informe y concluyó que existía prueba clara, robusta y convincente de que el licenciado Colón Ortiz había violentado los Cánones 28 y 38 del Código de Ética Profesional, *supra*.[8] Expresó que todas las partes conocían el propósito de la reunión y que el querellado avaló con su silencio, expresiones que podían inducir erróneamente a la parte contraria a creer que no prevalecería en el caso. Además, concluyó que "el querellado escuchó todo lo que se habló, examinó los documentos y al final solicitó que se copiaran, aunque el litigio estaba activo. No fue un simple espectador".[9] En vista de lo anterior y considerando la evidencia de buena reputación, recomendó una sanción de tres (3) meses de la práctica de la abogacía.[10]

El 29 de octubre de 2018, el licenciado Colón Ortiz compareció mediante *Comentarios sobre el Informe del Comisionado Especial*. Expuso que la mera presencia del

---

[8] *Informe del Comisionado Especial* de 3 de octubre de 2019.
[9] *Íd.*, pág. 13.
[10] *Íd.*

promovente y su esposa en la reunión del 28 de agosto de 2014 no afectó los intereses protegidos por el Canon 28 de Ética Profesional, *supra*. Sostuvo que no logró obtener ventaja alguna, no incurrió en hostigamiento contra el promovente y su esposa, no adquirió información confidencial y no afectó la relación cliente-abogado entre el promovente y su abogada.

Reseñado el trasfondo fáctico y procesal, pasemos a exponer la normativa aplicable a esta relación de hechos.

II

A.

Como primer cargo, se le imputó al licenciado Colón Ortiz haber violado el Canon 28 de Ética Profesional, *supra*, al haberse reunido con el promovente en ausencia de su representante legal para dialogar sobre el caso que estaba ventilándose en el foro judicial. En lo relativo al caso de epígrafe, el Canon 28 del Código de Ética Profesional, *supra*, establece que:

> El abogado no debe, en forma alguna, comunicarse, negociar ni transigir con una parte representada por otro abogado en ausencia de este. Particularmente, debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no esté a su vez representada por abogado. 4 LPRA Ap. IX, C. 28.

De lo anterior se puede colegir que el mencionado Canon proscribe la comunicación entre un abogado y una parte adversa que cuente con representación legal. *In re Guzmán Rodríguez*, 167 DPR 310 (2006). Dicho Canon busca evitar que los abogados obtengan ventaja indebida al acercarse

inapropiadamente a personas que poseen representación legal. *In re Axtmayer Balzac*, 179 DPR 151, 156 (2010); *In re Andréu, Rivera*, 149 DPR 820 (1999). Principalmente el Canon pretende evitar que abogados induzcan a error a la otra parte. *In re Axtmayer Balzac*, *supra*. Es importante recalcar que la prohibición contenida en dicho Canon aplica independientemente de la intención del abogado que se comunica con la otra parte. *In re Guzmán Rodríguez, supra*.

Cuando se trate de un acuerdo transaccional y no sea posible comunicarse con el abogado de la otra parte, es conducta impropia el comunicarse directamente con la parte contraria que cuenta con representación legal ya que los abogados cuentan con otros remedios ante los tribunales. *In re Martínez Lloréns*, 158 DPR 642 (2003). Independientemente de las buenas intenciones que se pueda tener para poner fin a un pleito, estos motivos no justifican la comunicación con otra parte sin su representación legal. *In re Guzmán Rodríguez, supra*. Incluso cuando se trate de una reunión con el propósito de poner fin a un pleito, no se justifica tal conducta. *In re Guzmán Rodríguez*, 167 DPR 310, 316 (2006); *In re Pabón García*, 118 DPR 723 (1987).

B.

Como segundo cargo, se le imputó al querellado haber violado el Canon 38 de Ética Profesional, *supra*, el cual dispone en parte que:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la

apariencia de conducta profesional impropia... 4
LPRA Ap. IX, C. 38. (Énfasis suprimido)

En virtud de tal disposición, un abogado tiene la responsabilidad moral y ética de examinar su comportamiento continuamente. *In re Rodríguez Vázquez*, 176 DPR 168 (2009). Los abogados son el espejo de la profesión y deben ser escrupulosos en sus actuaciones. *In re Cuyar Fernández*, 163 DPR 113 (2004). En ese sentido, el compromiso ético y moral de la profesión exige que los abogados vigilen constantemente su conducta. *In re Fingerhut Mandry*, 196 DPR 327 (2016).

Aun cuando un abogado es disciplinado por violar otros Cánones, también puede ser sancionado por infringir el deber de esforzarse, al máximo de su capacidad, en exaltar el honor y la dignidad de la profesión, según dispuesto en el Canon 38. *In re Villalba Ojeda,* 193 DPR 966 (2015). La conducta de los abogados admitidos a practicar la profesión se mide con estrictos parámetros, donde debe evitarse hasta la apariencia de conducta impropia. *In re Sierra Arce*, 192 DPR 140 (2014).

### C.

El Comisionado Especial designado por este Tribunal para atender una Querella instada contra un abogado ocupa el rol del juzgador de instancia. Específicamente, tiene la encomienda de recibir la prueba, evaluarla y dirimir la credibilidad de cualquier prueba testifical presentada. *In re Morales Soto*, 134 DPR 1012 (1994). Como norma general, las determinaciones del Comisionado Especial merecen nuestra

deferencia. *In re Soto López,* 135 DPR 642 (1994). Sin embargo, no estamos obligados por la recomendación de su informe, y en lugar de adoptarlo, podemos modificarlo o rechazarlo. *In re Morales Soto,* supra, págs. 1016-1017. De ordinario este Tribunal sostendrá las determinaciones de hecho del Comisionado Especial, salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Ortiz, Rivera*, 195 DPR 122, 134 (2016); *In re Guzmán Guzmán*, 181 DPR 495, 511 (2011). En cuanto a la prueba documental, este Tribunal está en igual posición que el Comisionado Especial de evaluarla. *In re Rivera Nazario*, 193 DPR 573, 587 (2015); *In re Cuevas Borrero*, 185 DPR 189, 202 (2012).

III

Considerado el *Informe del Comisionado Especial*, así como el expediente de esta Querella, es evidente que en el presente caso no existe controversia sobre que el querellado se reunió con el promovente en ausencia de su representación legal. En el primer cargo en su contra, se le imputa al licenciado Colón Ortiz, haber violado el Canon 28 del Código de Ética Profesional, *supra*, al estar presente en la reunión, escuchar lo que se habló, examinar los documentos que se presentaron y al final solicitar que se copiaran, aun cuando el litigio estaba activo. A su vez, en el segundo cargo se le imputa haber infringido el Canon 38 del Código de Ética Profesional, *supra*, en lo relacionado a que sus actuaciones dieran la impresión de conducta impropia. Entendemos que el licenciado Colón Ortiz violó ambos Cánones de Ética

Profesional.

En primer lugar, quedó estipulado que el 28 de agosto de 2014, se llevó a cabo una reunión entre los tres (3) licenciados querellados y el promovente. El promovente y su esposa acudieron a esta reunión sin su representación legal. A pesar de que los licenciados conocían que el promovente contaba con representación legal, decidieron llevar a cabo la reunión en la que discutieron asuntos relacionados al entonces pleito judicial.

Es deber de todo abogado velar por que su conducta cumpla con los estándares de la profesión. A pesar de que el querellado alegó que la reunión no se dio para obtener ventaja indebida y que además la acción se desestimó, el hecho esencial es que la reunión se dio sin la representación legal de la otra parte. Entendemos que el licenciado Colón Ortiz omitió detener la reunión y avaló con su silencio las expresiones allí vertidas. La jurisprudencia ha establecido que no es necesario el obtener ventaja, el Canon 28 del Código de Ética Profesional, *supra*, busca evitar que se pueda inducir a error a la otra parte.

El querellado alegó que no se obtuvo información confidencial del promovente, no obstante, esto no es un eximente de responsabilidad. **Lo importante es que se haya dado una comunicación con la parte contraria sin su representación legal.** El querellado no realizó gestión alguna para comunicarse con la representación legal de la otra parte. A todas luces, la conducta implicada da la

impresión de violaciones a los Cánones de Ética Profesional. La presencia del querellado en la reunión, a puerta cerrada, sin la representación legal de la otra parte, crea apariencia de conducta impropia, aprovechamiento indebido y lacera la imagen de la profesión.

IV

Concluimos, en consecuencia, que la conducta en que incurrió el licenciado Colón Ortiz violentó las disposiciones del Canon 28 y del Canon 38 del Código de Ética Profesional, *supra*.

No obstante, hemos establecido que, para determinar la sanción disciplinaria aplicable a un abogado querellado, podemos tomar en cuenta los factores siguientes: (1) la buena reputación del abogado en la comunidad; (2) su historial previo; (3) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (4) la aceptación de la falta y su sincero arrepentimiento; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7) resarcimiento al cliente, y (8) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien según los hechos. *In re Mulero Fernández*, 174 DPR 18, 37 (2008). Véanse, además: *In re Montalvo Guzmán*, 164 DPR 806 (2005); *In re Quiñones Ayala*, 165 DPR 138 (2005); *In re Vélez Barlucea*, 152 DPR 298, 310-311 (2000); *In re Padilla Rodríguez*, 145 DPR 536 (1998).

Conforme a esto, se ha evaluado la conducta del licenciado Colón Ortiz y somos de la postura que debemos de

considerar los atenuantes siguientes. **Primeramente**, el licenciado Colón Ortiz goza de buena reputación entre sus pares y en su comunidad. **Segundo**, esta es la primera falta del querellado. El licenciado Colón Ortiz lleva alrededor de veintiocho (28) años ejerciendo la abogacía y no había sido objeto de procedimiento disciplinario alguno. **Tercero**, no surge que la actuación del licenciado Colón Ortiz haya causado un daño a las partes. **Cuarto**, no hay prueba de que la actuación del querellado haya sido motivada por un lucro indebido, mala fe o propósito que no fuera lícito. **Quinto**, no estamos ante un patrón de conducta intencional, sino estamos ante una situación aislada. Por último, el licenciado Colón Ortiz ha demostrado una conducta cooperadora durante el trámite de la querella y ha reconocido que cometió un error al participar de la reunión que las partes sostenían, sin que la representante legal del promovente estuviera presente.

Tomando en consideración lo antes expuesto, censuramos enérgicamente al Lcdo. José M. Colón Ortiz. Asimismo, le apercibimos que, de incurrir nuevamente en conducta contraria a los Cánones del Código de Ética Profesional, podrá ser sancionado de forma más severa.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José M. Colón Ortiz

TS-10,167

CP-2017-04

SENTENCIA

En San Juan, Puerto Rico, a 15 de julio 2020.

Por los fundamentos que anteceden, censuramos enérgicamente al Lcdo. José M. Colón Ortiz. Asimismo, le apercibimos que, de incurrir nuevamente en conducta contraria a los Cánones del Código de Ética Profesional, podrá ser sancionado de forma más severa.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo